UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RIDERS CHOICE, LLC doing business as SHOW AND TELL SADDLE BLANKETS and LONI RHODES, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Cause No. 2:13-cv-260-WTL-MJD ) |
| LORI HECKAMAN doing business as GOLDEN WEST SADDLE BLANKETS, | ) ) ) ) |
| Defendant. | ) |

**ENTRY ON DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404**

This cause is before the Court on Defendant Lori Heckaman's motion to dismiss for lack of personal jurisdiction or in the alternative, motion to transfer venue under 28 U.S.C. § 1404 (dkt. no. 15). The motion is fully briefed, and the Court, being duly advised, **GRANTS** the motion for the reasons set forth below.

### I.  STANDARD

Heckaman moves to dismiss this case for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). When a defendant challenges the Court's personal jurisdiction over it, the plaintiff bears the burden of demonstrating the existence of jurisdiction. *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 548 (7th Cir. 2004). Where, as here, a motion to dismiss is resolved without an evidentiary hearing, the plaintiff=s burden is satisfied if it makes a prima facie case of personal jurisdiction. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). "In evaluating whether the prima facie standard has been satisfied, the

plaintiff is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record." *Id.* (citations omitted).

Additionally, where, as here, there is no applicable federal statute providing for nationwide service of process, a federal district court may exercise personal jurisdiction over a defendant if a court of the state in which it sits would have such jurisdiction. Fed.R.Civ.P. 4(k)(1)(A). This Court sits in Indiana, and Indiana Trial Rule 4.4(A) provides for jurisdiction "on any basis not inconsistent with the Constitution of this state or the United States"; in other words, Indiana permits the exercise of personal jurisdiction to the full extent permitted by the Federal Due Process Clause. *LinkAmerica Corp. v. Albert*, 857 N.E.2d 961, 967 (Ind. 2006).

There are two forms of personal jurisdiction that a court may exercise over a non-resident defendant, "general" and "specific" jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984). "Specific personal jurisdiction is appropriate where (1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010) (citation omitted). "The exercise of specific personal jurisdiction must also comport with traditional notions of fair play and substantial justice as required by the Fourteenth Amendment's Due Process Clause." *Id.* (citation omitted). "When the contacts with the forum state are unrelated to the subject matter of the lawsuit, general personal jurisdiction may be established if the defendant's contacts are so continuous and systematic that the defendant could reasonably foresee being haled into court in that state for any matter." *Central States, Southeast and Southwest Areas Pension Fund v. Phencorp Reinsurance Co., Inc.*, 440 F.3d 870, 875 (7th Cir. 2006). Stated another way, the Defendants' contacts with Indiana "must be so extensive to be

tantamount to [the defendant] being constructively present in the state to such a degree that it would be fundamentally fair to require [the defendant] to answer in an Indiana court in any litigation arising out of any transaction or occurrence taking place anywhere in the world." *Purdue Research Found.*, 338 F.3d at787.

## II. BACKGROUND

The relevant facts of record, viewed in the light most favorable to Plaintiffs Riders Choice, LLC and Loni Rhodes, are as follow.

Heckaman is a sole proprietor who makes and sells horse saddle blankets under the name Golden West Saddle Blankets.[1] Both she and her business reside in Gainesville, Texas. Riders Choice, who also makes and sells horse saddle blankets, is an Indiana limited liability company, and its owner, Loni Rhodes, is a citizen of the State of Indiana (Riders Choice and Rhodes are hereafter collectively referred to as Riders Choice).

On June 14, 2013, Heckaman's legal counsel in Texas sent a cease-and-desist letter to Riders Choice in Indiana advising the company that its "saddle blankets infringe upon the property and proprietary rights of Ms. Heckaman." Compl. at Exh. A. The letter also threatened suit if Riders Choice did not "immediately cease and desist using Ms. Heckaman's methods and designs" in its saddle blankets. *Id.* A second cease-and-desist letter was sent on July 2, 2013. That letter indicated that although Heckaman had "not completed a formal copyright registration," she was "confident a jury" would find Riders Choice's "saddle blankets to be substantially similar and infringing." Compl. at Exh. B.

In response to the cease-and-desist letters, Riders Choice filed the instant declaratory judgment action asking this Court to declare that it does not infringe on any of Heckaman's

---

[1] Heckaman purchased the assets of Golden West Saddle Blankets in 1998, and continued to operate her saddle blanket business under that name.

copyrights, it is does not interfere with Heckaman's business, it is not engaged in unfair competition against Heckaman, and it did not misappropriate Heckaman's trade secrets. Heckaman now argues that she is not subject to personal jurisdiction in Indiana, and the suit should be dismissed, or in the alternative, transferred to the Northern District of Texas.

### III. DISCUSSION

Riders Choice concedes that the Court may not exercise general jurisdiction over Heckaman. Rather, Riders Choice maintains that Heckaman's "business activities in Indiana with Indiana residents regarding the blankets-at-issue provides the requisite minimum contacts for specific jurisdiction over [Heckaman]." Rider's Choice Resp. at 7. The Court does not agree.

Heckaman "has no place of business in Indiana, no employees or agents are based in Indiana, she is not licensed to do business in Indiana, and she does not direct any marketing activities specifically into Indiana." Heckaman's Br. at 2. Heckaman, however, has sold a number of saddle blankets to Indiana residents and maintains an oral referral agreement with an individual in Indiana. These contacts and relationships are summarized below:

- Heckaman's shipping records indicate that she has shipped at least five saddle blankets to Indiana residents in the last three years.
- Indiana resident, Christy Shank, has purchased eight saddle blankets from Heckaman.
- Indiana resident, Janet Gunn, designs and manufactures costumes for riders in horse shows through her business Show Grace Designs, LLC. She refers approximately ten clients per year to Heckaman. In response, Gunn receives a discount from Heckaman on saddle blankets she purchases for her family.
- On average, Gunn purchases two to three blankets from Heckaman each year.

- According to Gunn, her client and Indiana resident, Linda Roper, has purchased approximately fifteen saddle blankets from Heckaman.
- Indiana residents, Jason Baird, Karen Oldham, and Kathy Wheeler, have purchased seven saddle blankets from Heckaman.
- Indiana resident, Sandy Walker has bought an unknown number of saddle blankets from Heckaman.

According to Riders Choice, these contacts sufficiently establish that Heckaman "has purposely availed [herself] of the privilege of conducting activities with Indiana." Riders Choice's Resp. at 1-2. Heckaman's minor contacts with Indiana, however, are entirely unrelated to this declaratory judgment action and whether Riders Choice is guilty of copyright infringement. *See, e.g.*, *GSI Lumonics, Inc. v. BioDiscovery, Inc.*, 112 F.Supp.2d 99, 108 (D. Mass. 2000) (quoting *Coastal Video Commc'ns, Corp. v. Staywell Corp.*, 59 F.Supp.2d 562, 566 (E.D. Va. 1999) ("Simply put, where defendant sells the copyrighted product is not relevant to the existence of plaintiff's declaratory judgment cause of action on copyright infringement, nor to the question of whether the court has specific, personal jurisdiction over the defendant."). Thus, this matter does not arise out of Heckaman's Indiana-related activities. Additionally, the evidence indicates that it is the customers who contact Heckaman when they want a custom saddle blanket; Heckaman does not seek out her customers by targeting or marketing to Indiana residents. In other words, she has not purposefully directed her activities to Indiana or purposefully availed herself of the privilege of conducting business in Indiana.

Based on the foregoing, the Court does not have specific personal jurisdiction over Heckaman. In light of this ruling, the Court denies as moot Heckaman's alternative motion to dismiss for improper venue. The Court also declines to transfer this matter to the Northern

District of Texas, as the parties were not in agreement that it was a proper venue for this matter. To be sure, however, this Court makes no ruling on whether the Northern District of Texas is, in fact, a proper venue.

## IV. CONCLUSION

For the reasons set forth above, the Defendant's motion to dismiss is **GRANTED** and this case is dismissed without prejudice.

SO ORDERED: 04/17/2014

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.